UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GREGORY BENDOLPH, individually and on
behalf of all others similarly situated,

                Plaintiff,

    v.                                      Case No. 1:22-cv-00401-TSE-TCB

DLH HOLDINGS CORPORATION d/b/a DLH
CORPORATION and DLH, and
IRVING BURTON ASSOCIATES, LLC,

                Defendants.

**JOINT MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL
OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Gregory Bendolph and Defendants DLH Holdings Corporation and Irving Burton Associates, LLC ("Defendants") (Plaintiff and Defendants are collectively referred to as "the Parties"), by and through undersigned counsel, hereby jointly move the Court for an Order approving an agreed settlement between the Parties and dismissing Plaintiff's Complaint with prejudice. A true and accurate copy of the Parties' FLSA Settlement Agreement ("Settlement Agreement") is attached hereto as Exhibit 1. As explained below, the Court should approve the Settlement Agreement because the terms are fair and equitable, and properly consider the risks and uncertainties the Parties would face should the case not settle.

**I.    INTRODUCTION**

In this Fair Labor Standards Act ("FLSA") case, Plaintiff and Defendants jointly request that the Court enter an Order (1) approving the settlement reached between the Parties to resolve Plaintiff's claims, including his FLSA claims asserted in this lawsuit, (2) dismissing Plaintiff's

1

lawsuit with prejudice, and (3) maintaining jurisdiction to enforce the terms of the Settlement Agreement. The Parties have negotiated a settlement and have agreed to resolve Plaintiff's claims on the terms set forth in the Settlement Agreement.

The Parties seek Court approval of their Settlement Agreement because claims under the FLSA, like those settled and released by Plaintiff in the Settlement Agreement, may not be waived without Department of Labor or court approval. *See* 29 U.S.C. § 216(b) and (c); *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 371 (4th Cir. 2005) ("The rights guaranteed by the FLSA cannot be waived or settled without prior DOL or court approval."); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (accord). Upon examination of the Settlement Agreement, the Court will find that the terms are fair and should be approved. The Settlement Agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which the Parties were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II. PROCEDURAL HISTORY

On April 7, 2022, Plaintiff filed this action, seeking to recover alleged unpaid overtime wages, liquidated damages, and attorneys' fees, pursuant to the Fair Labor Standards Act and the Virginia Overtime Wage Act ("VOWA"). (Dkt. 1.) The Parties subsequently initiated settlement discussions and exchanged informal discovery, including the exchange of wage and payroll information, information about Plaintiff's job duties, attendance and PTO records, as well as other information, in a good faith effort to engage in settlement discussions regarding the allegations.

On July 22, 2022, the Parties reached verbal agreement as to the resolution of Plaintiff's claims. These terms were subsequently memorialized in the attached Settlement Agreement. The

Parties now file this Joint Motion For Approval Of Settlement Agreement And Dismissal With Prejudice and supporting memorandum, which is accompanied by a Proposed Order.

## III. THE PARTIES' LITIGATION POSITIONS AND PERTINENT SETTLEMENT TERMS

Plaintiff Bendolph alleges he was employed by Defendants as an Accounts Receivable/Payable Specialist. He claims that he and other Accounts Receivable/Payable Specialists were misclassified as exempt employees under the FLSA and VOWA, and consequently were denied overtime pay to which they were entitled when they worked in excess of 40 hours in a week. Plaintiff Bendolph further alleged he routinely worked in excess of 40 hours per week.

Plaintiff filed this action as a putative collective action with respect to the above practices and alleged employee misclassification. Plaintiff has not filed a motion to certify the lawsuit as a collective action, nor has any other employee consent to participate in this lawsuit as a plaintiff. The Parties have reached a settlement agreement as to Plaintiff's claims without any other putative collective members having joined the case. Thus, the Parties agree that settlement of Plaintiff's claims will fully resolve the case, and the lawsuit should be dismissed with prejudice. As addressed *infra* at p. 5, Defendants posit that, even if this action were certified as a collective action, it would be limited to similarly situated employees who live and work in Virginia, which includes only one employee other than Plaintiff. As addressed *infra* at p. 5, Plaintiff disagrees with that position.

Plaintiff also sought liquidated damages in the Complaint. Defendants deny that Plaintiff would be entitled to liquidated damages under the FLSA because Defendants acted reasonably and in good faith, and with reasonable grounds to believe that their actions did not violate the FLSA or any other applicable wage and hour law.

Through the exchange of information between the Parties regarding Plaintiff's use of paid time off and Plaintiff's basis of pay, Plaintiff modified his damages model to most accurately reflect his estimate of overtime hours worked. According to Plaintiff's damages model, based on Plaintiff's anticipated testimony and recollection about his hours worked, if Plaintiff prevailed on his overtime claim and the jury found Plaintiff was owed overtime wages, and that Plaintiff was paid on a salary basis, Plaintiff alleges that he would receive approximately $26,783 in unpaid overtime wages covering the relevant damages period of about thirteen months.

Plaintiff alleges that he would have been entitled to liquidated (double) damages under the FLSA unless Defendants proved that the alleged violations were in good faith. *See* 29 U.S.C. § 260. Thus, on Plaintiff's best day at trial under the FLSA, the total amount owed to Plaintiff for unpaid wages and liquidated damages under the FLSA would equal $53,566. Under VOWA, if Plaintiff had proven that Defendants "knowingly failed" to pay overtime owed, Plaintiff alleges that he would have been entitled to triple damages instead of double damages for the period after July 1, 2021. *See* VA Code §§ 40.1-29.2; 40.1-29(J)&(K). In addition, had Plaintiff prevailed, he alleges that he would have been entitled to reasonable costs and attorney's fees. *See* 29 U.S.C § 216(b).

Defendants deny all of the core allegations in Plaintiff's Complaint, including positing that: (1) Plaintiff was properly classified as exempt from the FLSA and VOWA overtime provisions, as an exempt administrative employee, and therefore was not entitled to overtime pay; (2) Plaintiff did not work overtime hours; (3) even if Plaintiff worked some overtime hours, he worked far fewer overtime hours than he alleges in his Complaint; (4) Plaintiff improperly calculated his damages because, even if he prevailed, he only would be entitled to an extra "half-time" for overtime hours rather than one and a half times his regular rate for overtime hours, *see* 29 CFR §

778.109, *Desmond v. PNGI Charles Town Gaming, LLC.,* 630 F.3d 351 (4th Cir. 2011); *Urnikis-Negro v. American Family Property Srvc., et. al.,* 616 F.3d 665 (7th Cir. 2010); *Smith v. Frac Tech Servs., LLC,* No. 4:09CV00679 JLH, 2011 WL 96868, at *35 (E.D. Ark. Jan. 11, 2011); (5) even if this action were certified as a collective action, it would be limited to similarly situated employees who live and work in Virginia, which includes only one employee other than Plaintiff. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017), and subsequent cases limiting general jurisdiction in FLSA collective actions. Plaintiff disagrees and posits that if the case were certified as a collective action under the FLSA, under Virginia federal case law, it would have encompassed all similarly situated employees, including those outside of Virginia. *See Morgan v. U.S. Xpress, Inc.*, No. 3:17-CV-00085, 2018 WL 3580775, at *5 (W.D. Va. July 25, 2018) ("This Court holds, alongside most of the courts that have encountered this issue … that *Bristol-Myers Squibb's* holding and logic do not extend to the federal class action context.") (collecting cases).

If the Court found in favor of Defendants, Plaintiff would not recover any damages. Moreover, Plaintiff would need to pay the costs of an unsuccessful litigation, making him worse off financially than if he had not filed suit.

During the course of informal discovery and settlement discussions, Defendants provided documentary evidence that it asserted supported its position that Plaintiff worked fewer overtime hours than estimated in Plaintiff's Complaint. Specifically, Defendants produced documentation of days on which Plaintiff did not work because he used paid time off or holiday leave. Additionally, the Parties exchanged information and debated whether Plaintiff was paid on an hourly or salary basis, and if paid on a salary basis, the proper method for calculating his damages

under the FLSA. Additionally, the Parties exchanged information about Plaintiff's job duties and debated whether they satisfied the requirements for exemption.

The Parties recognize that the expenses attendant to further litigation and trial would be significant, and that the risks to both sides presented by continued litigation. The Parties therefore decided to control the outcome of the case by entering into the Settlement Agreement.

Under the Settlement Agreement, Defendants will pay the gross settlement amount specified in the Settlement Agreement, which is inclusive of attorney's fees and costs. The Settlement Agreement is broken down into different payments allocating the total payment between (1) wages, (2) liquidated damages, and (3) attorney's fees and costs. In exchange for the consideration paid by Defendants, Plaintiff releases his FLSA and VOWA claims.

## IV. THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT.

The Court should approve the Settlement Agreement because the settlement is the product of contested litigation, the Parties are represented by competent and experienced counsel, and the Settlement Agreement reflects a reasonable compromise over disputed issues. The Settlement Agreement's provisions are fair and reasonable in light of the disputed issues.

As the Court noted in *LaFleur v. Dollar Tree Stores, Inc.,* "[i]in determining whether a settlement is 'fair, adequate, and reasonable' there is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed." 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (internal citations omitted). When evaluating whether to approve a settlement agreement, the Court may consider the following factors:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement;

(4) the experience of counsel who have represented the Plaintiff;

(5) the probability of Plaintiff' success on the merits and

(6) the amount of the settlement in relation to the potential recovery.

*Id.*

Here, the Parties reached this settlement after engaging in informal discovery related to liability and damages calculations, including Defendant producing Plaintiff's wage and payroll and attendance records, job duty information, as well as other information to allow the Parties to engage in full and complete settlement discussions regarding the allegations. Had the matter proceeded to the trial, the Parties anticipate that these materials and information would have been central to the case. By settling this matter before engaging in extensive formal discovery, the Parties saved the significant expense of protracted discovery, including ESI discovery. While Plaintiff believed he had a reasonable probability of success on the merits, based on his evidence and anticipated testimony, Defendants believed they had a reasonable probability of success on the merits, based on its evidence and defenses.

The total amount of the settlement is $51,000.00. Plaintiff will receive $30,153.76, which includes $15,076.88 of wage damages and $15,076.88 of liquidated damages. The total payment to Plaintiff, using Plaintiff's adjusted damages model, is approximately 112% of Plaintiff's best potential recovery of unpaid overtime wages ($26,783); 56% of his best potential recovery of FLSA wage and liquidated damages claims ($53,566), assuming he prevailed on all FLSA issues: misclassification, time worked, and good faith / liquidated damages; and 40% of his best potential recovery had he prevailed on all of the above issue plus proven that Defendants "knowing failed" to pay him overtime owed under the VOWA ($75,127).

The settlement payment to Plaintiff greatly exceeds the outcome he would have received had Defendants prevailed on the misclassification issue—which would be $0 minus litigation costs. Defendants assert the settlement payment to Plaintiff also exceeds the payment he would have received had Defendants prevailed on their claim that he worked fewer overtime hours than estimated in the Complaint, and had Defendants prevailed on their legal argument that, under the FLSA, Plaintiff is only entitled to half-time damages rather than one and half time his regular rate for any overtime hours.

The Settlement Agreement provides for attorney's fees and costs in the total amount of $20,846.24 ($20,200 in attorney's fees plus $646.24 in costs), with the fees portion representing approximately 40% of Plaintiff's settlement in the case. As of the filing of this brief, Plaintiff's counsel has expended more than 45 hours preparing, litigating, and resolving this case. Under the Vienna Metro Matrix, Plaintiff's counsel anticipates that his reasonable hourly rate in this case would be $500 or greater, calling for a lodestar at this stage of $22,500 or greater. *Vienna Metro LLC v. Pulte Home Corp.*, No. 1:10-CV-00502, 2011 WL 13369780, at *6 (E.D. Va. Aug. 24, 2011) (2011 range of hourly rates in Northern Virginia, $465-640 for attorneys with 8-10 years of experience).[1] The fee amount provided by these settlements therefore represents a discount below the current lodestar, and a discount below what could have been awarded on a fees motion had the case been litigated and resulted in an adjudicated judgment for Plaintiff.

A thorough review of the Settlement Agreement will reveal that the settlement is fair, adequate, and reasonable. Plaintiff was represented by counsel experienced in FLSA litigation who protected the rights of his client during the negotiations. The settlement reflects a reasonable

---

[1] Plaintiff's current fee records or summary of same can be made available to the Court for *in camera* review should the Court wish to review them. Plaintiff can likewise submit declarations supporting the rate and counsel's experience if the Court requires.

compromise regarding bona fide disputes between the parties regarding the questions of liability and the amount of alleged damages under the FLSA.

Further, the Parties agree that the settlement is fair, just, and adequate to settle Plaintiff's claims. The endorsement of the Settlement Agreement by counsel for both Parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449, at * 14 (S.D. Tex. May 7, 2008). Here, Plaintiff's counsel is fully aware of the factual contentions of the Parties, and is in the best position to opine as to whether this settlement produces fair results for Plaintiff after consideration of risks. Plaintiff made an educated decision to agree to the terms of his settlement. Plaintiff and his counsel have concluded that a settlement with Defendants on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of each Plaintiff.

## V. CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court approve the proposed Settlement Agreement in this matter, attached as Exhibit 1. The Parties further respectfully request that the Court enter an Order dismissing this action with prejudice, while maintaining jurisdiction to enforce the terms of the settlement. A proposed Order is filed herewith.

Dated: August 5, 2022

Respectfully submitted,

**GREGORY BENDOLPH**

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
**Coffield PLC**
106-F Melbourne Park Circle
Charlottesville, VA 22901
Email: tc@coffieldlaw.com
Counsel for Plaintiff

**DLH HOLDINGS CORPORATION AND IRVING BURTON ASSOCIATES, LLC**

/s/ Teresa Burke Wright
Teresa Burke Wright (VSB No. 30770)
**JACKSON LEWIS P.C.**
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
Telephone: (703) 483-8300
Facsimile: (703) 483-8301
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 5, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                               /s/Timothy Coffield
                                               Counsel for Plaintiff