## SETTLEMENT AGREEMENT, RELEASE, AND COVENANT NOT TO SUE

This Settlement Agreement, Release, and Covenant Not to Sue ("Agreement") is made and entered into by and between Gregory Bendolph ("Plaintiff"), as the party of the first part, and DLH Holdings Corporation d/b/a DLH Corporation ("DLH") and Irving Burton Associates, LLC ("IBA") (DLA and IBA collectively are "Defendants"), as the parties of the second part. Plaintiff and Defendants are referred to herein collectively as the "Parties."

**WHEREAS,** Plaintiff formerly was employed by IBA and DLH; and

**WHEREAS**, on or about April 7, 2022, Plaintiff filed a lawsuit against Defendants, purportedly on behalf of himself and similarly-situated employees of Defendants, in the U.S. District Court for the Eastern District of Virginia ("Court"), captioned: *Gregory Bendolph v. DLH Holdings Corporation d/b/a DLH Corporation and DLH, and Irving Burton Associates, LLC,* Case No. 1:22-cv-00401-TSE-TCB (hereinafter referred to as "the Lawsuit"), in which Plaintiff asserts claims of unpaid wages arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Virginia Overtime Act, Virginia Code, § 40.129.2 ("VOWA"); and

**WHEREAS**, Defendants have denied, and continue to deny, any and all wrongdoing, violation of law and/or liability; and

**WHEREAS**, Plaintiff and Defendants desire to compromise and settle all wage claims arising out of Plaintiff's employment with Defendants, which were raised or which could have been raised in the Lawsuit; and

**WHEREAS**, the Parties desire to document the terms of their compromise and settlement of the Lawsuit in this Agreement, with no Party admitting any liability, wrongdoing, fault or breach.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants and conditions set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound hereby, agree as follows:

1. <u>Settlement Payments</u>. Defendants shall make payments in the total gross amount of Fifty-One Thousand Dollars and Zero Cents ($51,000.00), which shall be allocated as follows:

    (a) <u>Payments to Plaintiff</u>. Defendants will pay a gross amount of Thirty Thousand and One Hundred and Fifty-Three Dollars and Seventy-Six Cents ($30,153.76) to Plaintiff. This payment shall be made separately in two gross sums, each of Fifteen Thousand and Seventy-Six Dollars and Eighty-Eight Cents ($15,076.88), as follows:

        (i) A gross amount of Fifteen Thousand and Seventy-Six Dollars and Eighty-Eight Cents ($15,076.88) will be made payable in the form of a check to "Gregory Bendolph." This payment will be treated as supplemental wages for tax purposes. Defendants will deduct and withhold from this payment all applicable local, state, and federal taxes, including income taxes and Federal Insurance Contributions Act ("FICA") taxes. Defendants will report this payment in an IRS Form W-2 to be issued to Plaintiff and will remit all funds withheld to all applicable local, state and federal taxing authorities.

     (ii)  A separate gross amount of Fifteen Thousand and Seventy-Six Dollars and Eighty-Eight Cents ($15,076.88) will be made payable in the form of a check to "Gregory Bendolph." This payment is intended to satisfy any claim that Plaintiff may have for liquidated damages. No deductions will be made from this check, and Defendants shall issue an IRS Form 1099-MISC (Box 3 "Other Income") to Plaintiff for this payment.

     (iii)  Plaintiff shall provide an executed IRS Form W-4 and an IRS Form W-9 to Defendants before the payments described above in Sections 1(a)(i) and 1(a)(ii) will be issued.

     (iv)  Plaintiff agrees to complete any paperwork necessary as a condition for Defendants' payments, including, but not limited to, completion of any tax forms or other forms necessary for legal compliance, either before or after such payment.

   (b)  <u>Payment to Plaintiff's Attorney</u>. One check will be made payable to "Coffield PLC" (the "Law Firm") in the gross amount of Twenty Thousand and Eight Hundred and Forty-Six Dollars and Twenty-Four Cents ($20,846.24, of which $20,200 is attorney's fees and $646.24 in costs), which is in settlement of Plaintiff's claim for attorneys' fees and costs incurred in connection with the Lawsuit. No deductions or withholdings shall be taken from this amount. Defendants will report this payment in an IRS Form 1099-MISC to be issued to Plaintiff and in a separate IRS Form 1099-MISC to be issued to the Law Firm (Box 10 "gross proceeds paid to an attorney"). Plaintiff and the Law Firm shall be solely responsible for the tax consequences, if any, from this payment. The Law Firm shall provide an IRS Form W-9 to Defendants before this payment will be issued.

   (c)  The checks made payable to Plaintiff and the Law Firm, pursuant to Subsections 1(a) and 1(b) above, shall be mailed to the Law Firm within fifteen (15) business days following the Court's approval of this settlement and dismissal with prejudice of the Lawsuit, as provided in Section 2 of this Agreement. Defendants' obligation to make these payments will not arise unless the Court issues an Order approving the settlement of the Lawsuit and dismissing the Lawsuit with prejudice.

   (d)  The Parties acknowledge and agree that the payment set forth above in Subsection 1(b) is in settlement of Plaintiff's claim for attorney's fees and costs, and therefore, that payment is not wages or compensation for services rendered. The Parties also acknowledge and agree that the payment set forth above in Subsection 1(a)(ii) is in settlement of Plaintiff's claim for liquidated damages, and therefore, that payment is not wages or compensation for services rendered. Accordingly, the Parties agree that that the payments set forth in Subsections 1(b) and Subsection 1(a)(ii) are not subject to withholding of employment taxes. However, in the event that such payments or any portion thereof are deemed by the Internal Revenue Service or any taxing authority to be taxable as wages, Plaintiff agrees to assume any and all responsibility for taxes that may be imposed on Defendants by any such taxing authority with respect to the employee's share of any employment payroll taxes due. Plaintiff agrees that he shall indemnify the Releasees for any liability for the employee's share of any employment payroll taxes due, imposed with respect to such payment made pursuant to this Agreement within thirty (30) days after receipt of notice from any of the Releasees of the assessment of such taxes.

(e) Plaintiff affirms that, in the event any attorneys or third parties have asserted or assert a hold or lien or other encumbrance or interest in Plaintiff's claims, demands, and causes of action against Releasees, Plaintiff will be solely responsible for paying any costs and fees associated with and otherwise satisfying that hold or lien or other encumbrance.

(f) The settlement payments set forth above will be delivered to Plaintiff's Counsel at 106-F Melbourne Park Circle, Charlottesville, VA 22901.

2. <u>Court Approval of Settlement</u>.

(a) Within fifteen (15) days after the complete execution of this Agreement, the Parties shall jointly move the Court for approval of the settlement of the Lawsuit. The Parties further agree to execute and/or have executed by his/its respective attorneys any such additional documents, and to take any other actions, as may be reasonably necessary to effectuate the Court's approval of the settlement of the Lawsuit and the prompt dismissal with prejudice of all claims in the Lawsuit.

(b) This Agreement shall be null and void in the event that the Court fails to approve the Parties' settlement of the Lawsuit and dismiss all claims in the Lawsuit with prejudice. However, the failure of the Court to approve the proposed amount of attorneys' fees or costs to be paid under this Agreement shall not constitute grounds for voiding this Agreement.

(c) If the Court has questions about the Agreement, the Parties will work together in good faith to provide the information necessary to obtain the Court's approval of the Agreement, if necessary.

(d) If the Court does not approve the Agreement, the Parties will work together in good faith to revise the Agreement and resubmit the revised Agreement to the Court so that it receives the Court's approval. In the event that the Parties cannot agree on a revised Agreement, or if the Court denies approval of a revised Agreement, this Agreement and the revised Agreement (if any), shall be null and void as of the date of the Court's order denying approval of the Agreement or revised Agreement.

3. <u>Release of Wage Claims and Covenant Not to Sue.</u>

(a) In consideration of the settlement payments described in Section 1 above and other promises made by Defendants in this Agreement, Plaintiff, for himself and his heirs, personal representatives, and assigns, hereby releases and forever discharges Defendants, their current and past and direct and indirect parent companies, predecessors, acquired entities, merged entities, subsidiaries, divisions, affiliates, assigns, successors, insurers, reinsurers, professional employment organizations, and each of their current and former directors, officers, members, managers, employees and shareholders (collectively the "Releasees"), from and against all liability, damages, actions, and claims for unpaid wages, known and unknown, that Plaintiff now has or may have had, or thereafter claims to have, on behalf of himself or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring in whole or in part prior to and including the date of this Agreement, including, but not limited to, all claims under the FLSA, VOWA, common law, and all other federal, state and local laws pertaining to wages. Plaintiff's

release of claims includes a full release of the Releasees from all claims for unpaid wages, attorneys' fees, costs, liquidated damages, punitive damages, compensatory dmages, and any other types of damages that could be asserted for any wage claims.

(b) Plaintiff agrees not to file, join in or prosecute any lawsuits or any claims, complaints, grievances, or charges, including any administrative charges, claims or complaints, against Defendants or any of the other Releasees with any court or governmental or non-governmental agency, concerning any claim for unpaid wages that arose on or before the date of this Agreement. Plaintiff expressly represents that as of the date that he signs this Agreement, he has not filed any lawsuits, claims, complaints, grievances, or charges, including any administrative charges, claims or complaints, against Defendants or any other Releasees, other than the Lawsuit.

(c) Plaintiff acknowledges that the payments provided in Section 1 of this Agreement satisfy any claims for attorneys' fees, expert witness fees, and any other costs that he has or may have incurred in connection with any of the claims released in this Agreement, including but not limited to any such fees and costs incurred in connection with the Lawsuit, and he hereby releases and waives any claims for attorneys' fees or costs that he has or may have against Defendants or any of the other Releasees based upon any matter that exists or may exist as of the effective date of this Agreement.

4. <u>Non-Admission</u>. It is agreed by and among the Parties that neither the execution of this Agreement nor the fulfilling of any of its provisions constitutes an admission by Defendants that they owe any moneys to Plaintiff or that they have violated any law by statute, regulation, rule, common law or otherwise, and Defendants specifically deny owing any moneys or having engaged in any unlawful conduct.

5. <u>Miscellaneous</u>.

(a) Plaintiff affirms that as of the date he signs this Agreement, he is not Medicare eligible (*i.e.*, is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer.).

(b) This Agreement sets forth the entire agreement between the Parties with respect to the matters addressed. Plaintiff will not be entitled to any compensation, remuneration, benefits or payments for the claims released in this Agreement, except as specifically provided in this Agreement. This Agreement may not be modified except by a new written agreement signed by the Parties. Each Party's signature below will confirm that he/it has not relied on any representation or statement not set forth in this Agreement.

(c) Plaintiff acknowledges that he has been advised by Defendants that he consulted with his attorney regarding the terms of this Agreement before signing it, and that he had a full and fair opportunity to consult with any personal, family or professional advisors of his choosing regarding this Agreement, and that in executing this Agreement he has not relied upon any representations or statements by Defendants or any of their respective agents, representatives, employees, or attorneys regarding the subject matter, basis, or effect of this Agreement.

(d) In the event that a court holds any provision of this Agreement to be invalid or unenforceable, that provision shall be severed or otherwise conformed to the degree necessary to render it valid and enforceable without affecting the rest of this Agreement. Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be deemed severable from the remainder of this Agreement, and the remaining provisions contained in this Agreement shall be construed to preserve to the maximum permissible extent the intent and purposes of this Agreement. Any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

(d) Any failure or forbearance by any Party to exercise any right or remedy with respect to enforcement of this Agreement will not be construed as a waiver of any rights or remedies. No waiver of any of the terms of this Agreement will be valid unless in writing and signed by all Parties affected thereby.

(e) The validity and construction of this Agreement or of any of its terms or provisions shall be determined under the laws of the State of Virginia, regardless of any principles of conflicts of laws or choice of laws of any jurisdiction. Further, any legal proceeding brought by any Party with respect to this Agreement or any right or obligation hereunder shall only be brought in the state or federal courts of proper jurisdiction within the State of Virginia, and consent is hereby given by each of the Parties to the jurisdiction and venue of those courts.

(f) The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, notwithstanding any statutory or common law doctrines that would suggest otherwise. Unless the context indicates otherwise, the singular or plural number shall be deemed to include the other.

(g) The Parties acknowledge that each of their respective obligations, as set forth herein, is deemed to be material to this Agreement.

(h) The Parties agree that no Party shall be regarded as a prevailing party for any purpose.

(i) This Agreement is a compromise freely and voluntarily entered into by each of the Parties, and shall not be construed as an admission of liability, or as a violation of any applicable law, rule, regulation or order of any kind, by any Party.

(j) The Parties agree that this Agreement shall be binding on the assigns, heirs, executors, and administrators of Plaintiff.

(k) This Agreement may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement. PDF or facsimile signatures to this Agreement are deemed original signatures.

**PLAINTIFF REPRESENTS THAT HE HAS READ THIS AGREEMENT, THAT HE UNDERSTANDS ALL OF ITS TERMS, INCLUDING THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS FOR UNPAID WAGES, AND THAT HE ENTERS INTO THE AGREEMENT VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS EFFECT.**

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

8/4/2022

Date

*Gregory Bendolph*

Gregory Bendolph

DLH Holdings Corporation

8/4/2022

Date

By: *G. Maliek Ferebee*

G. Maliek Ferebee

Irving Burton Associates, LLC

8/4/2022

Date

By: *G. Maliek Ferebee*

G. Maliek Ferebee

4861-5973-6108, v. 9

6